IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISON

| | |
|---|---|
| ALYSSA COMBS, </br>  Plaintiff, </br> </br> v. </br> </br> P&B CAPITAL GROUP, LLC, </br>  Defendant. | ) JURY TRIAL DEMANDED </br> ) </br> ) </br> ) Case No. </br> ) </br> ) </br> ) </br> ) </br> ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiff, Alyssa Combs, by and through counsel in the above styled cause, and for Plaintiff's Complaint against the Defendant, P&B Capital Group, LLC, states as follows:

1. This is an action for actual and statutory damages brought by Alyssa Combs (hereinafter "Plaintiff"), an individual consumer, against P&B Capital Group, LLC (hereinafter "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C §1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**I. JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 as this action arises under the laws of the United States.

1

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant P&B Capital Group, LLC:

   a) regularly conducts business in the State of Alabama,

   b) maintains a registered agent for service of process in Alabama since 2004, under Entity ID No. 000-616-000, and

   c) has purposefully directed its debt collection activities, including those affecting Plaintiff, to this district.

Defendant's contacts with the State of Alabama are sufficient to establish both general and specific personal jurisdiction under due process and Alabama's long-arm statute. Defendant has availed itself of the privilege of conducting business in Alabama and should reasonably anticipate being hauled to Court in this district.

## II. PARTIES

4. Plaintiff, Alyssa Combs, is a natural person, and for the purposes of the claims asserted herein, Plaintiff is, and at all relevant times was, a "consumer" as explicitly defined by the Fair Debt Collection Practices Act (FDCPA), pursuant to 15 U.S.C. § 1692a(3).

5. Defendant, P&B Capital Group, LLC, is a corporation with its principal place of business located in New York. Defendant's principal business purpose is the collection of defaulted debts, and uses various instruments of interstate commerce to accomplish debt collection, including sending letters, calling on the phone, text messaging, emailing, credit reporting, filing of lawsuits, etc. For the purposes of

this action, Defendant is classified as a "debt collector" under the provisions of the FDCPA, specifically 15 U.S.C. § 1692a(6).

### III. FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is considered a "debt collector" and began engaging in debt collection activities against Plaintiff.

8. Under 15 U.S.C. § 1692c(c), once a consumer notifies a debt collector in writing of their refusal to pay the debt or requests that communication stop, the debt collector is prohibited from continuing collection activities, except to notify the consumer of specific legal actions that will be taken.

9. On or about January 20, 2025, Plaintiff received a text message from Defendant attempting to collect on alleged debt Reference no. 7078326.

10. On or about January 21, 2025, Plaintiff responded via text message stating, *"I am unwilling to pay."*

11. Plaintiff exercised her right to refuse to pay the debt pursuant to the FDCPA.

12. Despite receiving Plaintiff's notice, on or about February 17, 2025, Defendant sent another text message to Plaintiff attempting to collect on the alleged debt Reference no. 7078326 which was is in violation of 15 USC §1692c(c).

13. That same day Plaintiff responded via text message stating, *"I refuse to pay."*

14. Moreover, on or about March 3, 2025, Defendant sent two text messages to Plaintiff stating, "*P&B Capital Group LLC has a balance reduction for Alyssa Combs. Call 855-561-7377 and claim before expiration. Ref # 7078326. Stop to Stop.*"

15. That same day, Plaintiff again responded via text message explicitly refusing to pay the alleged debt.

16. Defendant's continued communications despite Plaintiff's clear refusal to pay demonstrate a blatant disregard for Plaintiff's rights under the FDCPA.

17. All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA as alleged below in the Count.

18. Defendant's actions have caused Plaintiff emotional distress, invasion of privacy, frustration, and mental anguish.

19. Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights. Plaintiff seeks appropriate remedies for these violations under the FDCPA.

## IV.  CLAIM FOR RELIEF
### Violation of 15 U.S.C. § 1692c(c): Communication After Refusal to Pay

20. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

21. Defendant violated 15 U.S.C. § 1692c(c) by continuing collection efforts after Plaintiff properly invoked her right to refuse payment.

22. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees under 15 U.S.C. § 1692k for Defendant's unlawful conduct.

4

## V.  JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper. **Respectfully submitted this the 10th day of July 2025.**

>  **/s/ Noelle Sillmon**
> **NOELLE SILLMON**
> **Counsel for the Plaintiff**
> **Alabama Bar No.: 4074Y61Q**
> **Legally Noelle Services, LLC.**
> **P.O. Box 242141**
> **Montgomery, AL 36124**
> **(334) 513-1710**
> **legally.noelle@gmail.com**